*W. R. Castle*, for defendant in error.

---

STATIRA A. NEWELL, EFFIE J. NEWELL, CAROLYN
 A. NEWELL, BLANCHE E. NEWELL, Plaintiffs, *vs.*
 JOHN M. HORNER, Defendant.

EXCEPTIONS.

HEARING, DECEMBER 24, 1894.    DECISION, MARCH 15, 1895.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO
 SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

A declaration in an action on a judgment in favor of one who thereafter died, is demurrable when brought by the legatees and not by the executor—it not appearing why the executor has not brought suit.

An allegation that the court in which the judgment was entered was a court of " general jurisdiction " is not equivalent to an allegation that it is a court of record.

OPINION OF THE COURT, BY JUDD, C.J.

The complaint in this case is as follows: "Statira A. Newell, Effie J. Newell, Carolyn A. Newell and Blanche E.

Newell, the plaintiffs above named, complain of John M. Horner, the defendant above named and aver the facts following constituting their cause of action.

## I.

"That at the time herein stated the District Court of the Fourth Judicial District of the State of California in and for the city and county of San Francisco was a court of general jurisdiction created by the laws of the State of California.

## II.

"That on the 9th day of January, A. D. 1878, one Thomas Newell commenced his action in said court against defendant John M. Horner, and one E. L. Beard, by filing his complaint therein and causing summons to be issued, which summons was personally served on this defendant.

## III.

"That on the 23d day of April, A. D. 1879, the said Thomas Newell recovered judgment against the defendant for the sum of two thousand five hundred and forty-seven and 57-100 ($2547.57-100) dollars in gold coin of the United States with interest thereon at the rate of seven per cent. per annum from the date thereof until paid together. with costs and disbursements incurred in said action amounting to the sum of twenty-six and 25-100 ($26.25-100) dollars.

## IV.

"That said judgment has never been paid in full, but the following payments were made thereon by the defendant, viz:   The sum of four hundred ($400.00) dollars, on the 8th day of August, 1882, and the further sum of five hundred ($500.00) dollars, on the 15th day of January, 1890, and the further sum of five hundred ($500.00) dollars, on the 28th day of September, 1890, leaving unpaid a part of said judgment amounting inclusive of interest to the sum of four thousand and eight and 17-100 ($4008-17-100) dollars.

## V.

"That thereafter the said Thomas Newell died, on or about the year 1883, leaving a will wherein and whereby said deceased among other property gave and bequeathed said judgment to the plaintiffs.

## VI.

"That the plaintiffs by their certain deed of assignment dated the 21st day of February, 1893, sold and assigned and set over the said judgment and the moneys due thereunder to Mr. James A. Low, who is now the owner thereof and entitled to receive the proceeds collected thereunder and that this action is prosecuted by these plaintiffs for the benefit of their said assignee James A. Low.

## VII.

"That the defendant left the State of California on or about the 5th day of December, 1879, and that he has remained absent from the said state ever since said date.

## VIII.

"That though thereto requested the defendant has failed and neglected and still neglects and refuses to pay said sum due upon said judgment as aforesaid and that there is now due and owing from defendant to plaintiff the said sum of ($4008.17–100) four thousand and eight and 17–100 dollars.

"Wherefore plaintiff demands judgment against the defendant for said sum of $4008.17–100) four thousand eight and 17–100 dollars with interest thereon until paid and for his costs of suit and that process issue in accordance with law."

A demurrer was interposed in the Circuit Court, First Circuit, on three grounds as follows :

"First : That said declaration shows no privity of contract or of obligation between said plaintiffs and said defendant.

"Second : That plaintiffs have no right, as the legatees of the judgment mentioned in said declaration, to maintain an action thereon in their own names.

"Third : That it appears by said declaration that the

judgment mentioned therein is barred and outlawed by the statutes of limitations of the State of California, and of the Hawaiian Kingdom, and that no action can now be maintained thereon."

The demurrer was sustained by the court, to which the plaintiffs excepted.

We were not favored with an argument on the various points, plaintiffs' counsel conceding that the complaint was demurrable in some respects, but we were asked to determine whether administration could be granted in this country upon an estate whose only assets were a judgment.

As this question is not raised by the pleadings our opinion upon it would be *obiter dictum* and we would not be authorized to express it.

In order to make our record complete and meet the issues presented we sustain the demurrer upon the first and second grounds. As to the third point we do not feel called upon to decide so important a matter without further argument.

Demurrer sustained.

*P. Neumann,* for plaintiffs.

*C. W. Ashford,* for defendant.